# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JANET HERNÁNDEZ FIGUEROA,**

**Plaintiff,**

**v.**

**JOSÉ R. CRUZ CESTERO, et al.,**

**Defendants.**

CASE NO. 15-2684

## OPINION AND ORDER

Janet Hernández Figueroa ("Plaintiff") sued Dr. José R. Cruz Cestero, Dr. Lourdes Sepulveda Padilla, Sindicato de Aseguradores para la Subscripción Conjunta del Seguro de Responsabilidad Profesional Medico-Hospitalaria, Damas Hospital, Inc., San Lucas Hospital, Inc., Triple S Propriedad, Inc., Quality Health Services, Inc., Continental Insurance Company, Inc., Puerto Rico Medical Defense Insurance Company ("PRMD"), and ABC Insurance Companies (collectively "Defendants") for medical malpractice under Articles 1802 and 1803 of the Puerto Rico Civil Code. (Docket No. 71 ¶¶ 2-13). Based on the procedural facts of the case, the Court ordered the parties to submit memoranda addressing the issue of parallel litigation and the Colorado River doctrine. (Docket No. 112). After considering the parties' submissions and for the reasons stated below, the Court finds that abstention in this case is not warranted.

### I. Factual and Procedural Background

Plaintiff's complaint stems from an injury to her lower back and the subsequent medical treatments she received. (Docket No. 71 ¶¶ 14-41). Over the course of the various treatments, Plaintiff contends that Defendants did not exercise adequate medical and preventative care as

Civil No. 15-2684

required by accepted medical standards. Id. ¶ 44. These failures, Plaintiff argues, constitute medical negligence and resultantly entitle Plaintiff to monetary damages. Id.

Plaintiff filed a complaint of medical malpractice and professional negligence with the Puerto Rico Commonwealth Court of First Instance in Ponce on May 13, 2015. In addition to herself, Plaintiff named her husband Gabriel Torres, their conjugal partnership, and her three siblings José, Gabriel, and Jacqueline Torres Hernández as plaintiffs. The case is currently pending. See Janet Hernández Figueroa et al. v. Dr. José R. Cruz Cestero et al., Civ. No. JDP2015-0233 (601). More than five months later, on October 20, 2015, Plaintiff filed a nearly identical complaint with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Docket No. 1 ¶ 1). Plaintiff did not include any co-plaintiffs in her federal court complaint, but the defendants are the same as those listed in the state court complaint. (Docket Nos. 1; 99-15). On December 9, 2016, Plaintiff amended her federal complaint to include Puerto Rico Medical Defense Insurance Company ("PRMD"). (Docket No. 71 ¶ 12).

The case before this Court moved forward and PRMD filed a motion for partial summary judgment. (Docket No. 87). Before the Court ruled on PRMD's motion, it came to light that identical litigation might exist in state court. (Docket No. 112). The Court denied PRMD's motion without prejudice and ordered the parties to file memoranda addressing the issue of a Colorado River abstention. Id. After considering the parties' submissions, and for the reasons below, the Court finds that abstention is not appropriate in this case.

**II.     Legal Standard**

Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Moses H. Cone

Civil No. 15-2684

Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983). There are, however, instances where considerations of "wise judicial administration" strongly counsel against duplicative state and federal lawsuits. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (internal quotation omitted). In Colorado River, the Supreme Court emphasized that such deference is limited and only appropriate in "extraordinary" circumstances. See id.; see also Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002).

To help ascertain whether "extraordinary" circumstances exist, the First Circuit considers the following factors:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Jimenez v. Rodriguez–Pagan, 597 F.3d 18, 27-28 (1st Cir. 2010) (citation omitted). No individual factor is dispositive, and the list is not exhaustive. Id. Instead, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id. at 28 (quoting Colorado River, 424 U.S. 818-19).

**III.     Discussion**

Here, the state and federal complaints involve nearly identical claims and nearly identical parties. Four of the factors are neutral in this case. Specifically, there is no res at issue (first factor); federal and state court here are equally convenient (second factor), see Jimenez, 597 F.3d 28 (holding that the Puerto Rico forum is just as convenient as the federal forum); state law controls here, but the case does not present difficult state law questions (fifth factor); and the state "forum is well equipped to protect the parties' interests" (sixth factor). Id. An additional factor,

Civil No. 15-2684

the fact that the state court complaint was filed before the federal court complaint only weighs slightly in favor of abstention because the two suits have both progressed substantially (fourth factor).

With respect to the third factor—a desire to avoid piecemeal litigation—more than a mere aspiration for judicial efficiency is necessary to tip the sale in favor of abstention. The First Circuit has noted that "[d]ismissal is not warranted simply because related issues otherwise would be decided by different courts, or even because two courts otherwise would be deciding the same issues. . . ." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 16 (1st Cir. 1990) (citation omitted). Indeed, "something more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction." Id. For example, in Colorado River, the Supreme Court relied on a federal statute whose primary policy was avoidance of piecemeal litigation regarding water rights. 424 U.S. at 819-20. No such policy is at issue in this case. Nor is there a risk of harsh results like in Liberty Mut. Ins. Co. v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985). In Liberty, a possibility existed that state and federal courts' differing interpretations of the same standard insurance policy language could result in a party finding itself without sufficient liability insurance coverage from the insurers after years of paying premiums. While this is an instance where two courts will indeed be deciding the same issues, it does not appear to involve the kind of piecemeal litigation contemplated by the cases above.

The seventh and eighth factors present the strongest support for abstention. The two factors are closely related and thus the Court considers them together. The seventh factor requires examination of the motivation behind the later-filed lawsuit. Villa Marina, 915 F.2d at 15. If the second suit is filed for vexatious or contrived reasons, it "'may influence the decision whether to defer to a parallel state litigation under Colorado River.'" Id. (quoting Moses H. Cone, 460 U.S.

at 17 n.20). Under the eighth factor, the Court must consider the principles underlying removal jurisdiction to determine whether surrendering jurisdiction is appropriate. Villa Marina, 915 F.2d at 14. When a plaintiff files a suit in state court, a defendant may, in certain circumstances, remove the case to federal court. 28 U.S.C. § 1441. The same is not true, however, of a plaintiff. As master of her claim, a plaintiff has a choice at the outset as to where she wants to file suit. If, after she files suit in state court, she then files a second, duplicative suit in federal court, she has effectively (and impermissibly) removed her case to federal court. Villa Marina, 915 F.2d at 14. Where the sole reason a plaintiff files a second suit in federal court is to effectively remove her earlier-filed case from state court, it may result in a finding that the nature of her suit is vexatious or contrived and that it undermines the principals governing removal jurisdiction. Id. at 14-15.

Here, Plaintiff filed suit in the Puerto Rico Commonwealth Court of First Instance in Ponce on May 13, 2015 and then filed a nearly identical suit in this Court on October 20, 2015. Both cases involve claims of medical malpractice against the same defendants, although it is worth noting that the parties in the two cases are not identical. In her state court complaint, Plaintiff included her husband Gabriel Torres, their conjugal partnership, and her three siblings José, Gabriel, and Jacqueline Torres Hernández, none of whom are named in Plaintiff's federal court claim. Plaintiff amended her federal claim to include PRMD as a defendant, but it is unclear based on the parties' filings whether she amended her state court complaint as well. Furthermore, the circumstances here are not as blatantly problematic with respect to the seventh factor as those in a case like Pasquantonio v. Poley, 834 F. Supp. 2d 33, 37 (D. Mass. 2011), where it was apparent that the plaintiffs' initiation of a federal law suit was due to their displeasure at the speed—or lack thereof—of the state proceedings. Neither party here has suggested a reason behind

Civil No. 15-2684

Plaintiff's decision to file a second, nearly identical lawsuit and without such information, it is not possible to ascertain whether Plaintiff's conduct was vexatious or contrived.

Although the seventh and eighth factors present real concerns, ambiguity exists as to Plaintiff's motivation for filing a second suit in federal court. Given that "'only the clearest of justifications will warrant dismissal,'" and considering the heavy presumption in favor of exercising federal jurisdiction, the facts here are simply not sufficient to tip the scales in favor of abstention. Moses H. Cone, 460 U.S. at 16 (quoting Colorado River, 424 U.S. at 819).

**IV. Conclusion**

For the reasons stated above, the Court will retain jurisdiction over the case. PRMD may renew its motion for summary judgment.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of July, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge